FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 11 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00712-BNB

CHRISTOPHER DOUGLAS WISE,

Applicant,

v.

JOHN DAVIS, Warden, BVCF/CDOC,
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Christopher Douglas Wise, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Buena Vista Correctional Complex. He initiated this action by filing a "A Writ of Habeas Corpus as Stated Under the United States Constitution" on March 21, 2011. Pursuant to Magistrate Judge Boyd N. Boland's Order to Cure Deficiency, Mr. Wise filed an Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on April 28, 2011. He has paid the $5.00 filing fee in a habeas corpus action.

The Court must construe the Amended Application liberally because Mr. Wise is a ***pro se*** litigant. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a ***pro se*** litigant's advocate. ***See Hall***, 935 F.2d at 1110. For the reasons stated below, the Amended Application and the action will be dismissed.

Mr. Wise challenges his criminal conviction in the Adams County District Court. He asserts one claim in the Amended Application, alleging:

> I, Christopher Douglas Wise, am a secured party creditor, having never been a resident, taxpayer, citizen or voter, in the 10 square mile District of Columbia. I am a natural freeborn American inhabitat, sui juris, de juri sol, jure divino, on public record and on record of the Adams County District Court "PRIOR" to sentencing.

Amended Application at 5. Due to his alleged "secured party creditor" status, Mr. Wise apparently asserts that the trial court lacked jurisdiction to convict him.

A claim is frivolous if it "lacks an arguable basis either in law or fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A legally frivolous claim rests on "an indisputably meritless legal theory," such as a claim that a non-existent legal interest has been infringed. ***Id.*** In addition, a claim is factually frivolous if it depicts "fantastic or delusional scenarios," ***id.*** at 328, or where "the facts alleged rise to the level of the irrational or the wholly incredible." ***Denton v. Hernandez***, 504 U.S. 25, 33 (1992). Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court authorizes a district court to conduct an initial screening of petitions and to dismiss unworthy requests for habeas corpus relief. ***See*** Rule 4. Rule 4 has also been found to permit ***sua sponte*** dismissal of a habeas petition that raises legally frivolous claims or factual allegations that are palpably incredible or false. ***See, e.g., Mayle v. Felix***, 545 U.S. 644, 655 (2005) (citing Advisory Committee's Note on Habeas Corpus Rule 4 which requires the petition "to state facts that point to a real possibility of a constitutional error").

In this case, the fact that Mr. Wise has labeled himself as a "secured party creditor" does not change him from a natural person to a legal entity thereby depriving

the state court of jurisdiction to prosecute him for criminal offenses. "Jurisdiction is a matter of law, statute, and constitution, not a child's game wherein one's power is magnified or diminished by the display of some magic talisman, or by the use of special seals or 'Apostilles' on documents, or by the recital of Special Words, Phrases or Arcane Incantations, whether capitalized in written text or not." ***Richmond v. Wampanoag Tribal Court Cases***, 431 F.Supp.2d 1159, 1183 (D. Utah. 2006) (citation and footnote omitted). Mr. Wise's use the Uniform Commercial Code, which is inapplicable to criminal proceedings, is also unavailing. ***See, e.g., Mitchell***, 405 F.Supp.2d at 604 ("the U.C.C. has no bearing on criminal subject matter jurisdiction"); ***United States v. Ramirez***, 291 F.Supp.2d 266, 268-69 (S.D.N.Y. 2003) (holding that the filing of a financing statement alone did not create a valid security interest, liens were "entirely without merit and were filed with the intent to interfere with the enforcement of the criminal laws of the United States."). Therefore, the Court finds that Mr. Wise's allegation that the state court lacked jurisdiction to prosecute him because he is a "secured party creditor" is factually frivolous because the argument is "wholly incredible." ***Denton***, 504 U.S. at 33. Accordingly, it is

ORDERED that the Amended Application and the action are dismissed as legally frivolous.

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this 11th day of May, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00712-BNB

Christopher Douglas Wise
Prisoner No. 92460
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on May 11, 2011.

GREGORY C. LANGHAM, CLERK

By:______________________
Deputy Clerk